## Case No. 11,511.

### QUIGLEY v. MUTUAL LIFE INS. CO.

[4 Am. Law Rec. 561.]

Circuit Court, N. D. Ohio.    1876.

CONTRACTS—INSANE PERSONS—RATIFICATION.

[One Q., who held a policy of insurance on his life, was judicially declared insane in May, 1873. While this adjudication was still in life, Q. assigned the policy to T., of which assignment the insurance company was notified. Shortly afterwards Q. was declared sane, and it was alleged that within a few days after this adjudication he asked T. if she still had the policy, and, being informed that she had it, said he was glad he had given it to her, and wanted her to have it. Held (charging jury), that although the adjudication of insanity established, prima facie, Q.'s incapacity to contract, if it was found that, after he was declared sane, he said to T. that he had given her the policy, and wanted her to have it, this would be both a ratification and a gift in præsenti, and would entitle T. to retain the proceeds of the policy.]

The case of Thomas Quigley, of Toledo, Ohio, administrator of Bernard Quigley, deceased, against the Mutual Life Insurance Company of New York, also tried in the same court at this term, was particular in its facts, although not complicated in its law. Bernard Quigley, the decedent, had a policy of $1,000 on his life in the defendant company. On the 5th day of May, 1873, he was adjudged insane and a guardian was appointed by the probate court. On the 11th day of October, 1873, he assigned his policy to Miss Lizzie Tuey, of which assignment the company was notified. On the 22d day of December, 1873, he was declared sane, his guardian discharged, etc., by the probate court. On the 24th of December, 1873, he had a conversation with Miss Tuey, she still having the policy in her possession, in which he asked her if she still had the policy safe, and, upon being informed that she had, he said he was glad he had given her the policy, and wanted her to have it. On the 1st day of March, 1874, he died. Miss Tuey furnished proofs of death, etc., and, on the 15th day of May, 1874, the company paid her the amount of the policy. After the death of Bernard, Thomas Quigley notified the agent of the company at Toledo that Bernard was

insane and under guardianship at the time of the assignment to Miss Tuey, and the assignment was void. Thomas was appointed administrator on the first day of August, 1874, and on the 6th day of August, 1874, served written notice on the company not to pay the policy to Miss Tuey, etc., being nearly three months after payment to Miss Tuey.

Lee & Waggoner, for plaintiff.

Willey, Terrell & Sherman, for defendants.

WELKER, District Judge (charging jury). (1) That in contemplation of law every man was sane and capable of contracting until proved otherwise; but (2) that the inquisition of lunacy and the adjudication of insanity in the probate court of Lucas county rebutted this presumption, and prima facie established the insanity of Bernard Quigley and his incapacity to contract until his restoration by the judgment of the same court; and hence an assignment made while the adjudication was still in life, and a guardian still in charge of the lunatic's affairs, would be void; but (3) that after the judgment of the probate court, finding Quigley again sane, and discharging his guardian, he was again in the presumption of the law capable of contracting; and if after that time, while the policy was in the possession of Miss Tuey, he said to her, in substance that he had given the policy to her, and that he then intended her or wanted her to have it, this would be both a ratification of the former gift, and also a gift in præsenti, and she would be entitled to the proceeds of the policy, and the plaintiff could not recover.

Under this charge the jury retired, and in five minutes afterwards returned a verdict for the defendant company.